# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

_____

## NO. 14-1688

_____

## UNITED STATES

### Appellee

### v.

## MICHEL D'ANGELO

### Defendant-Appellant


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

(Hon. Nancy Torresen, U.S. District Judge)

_____

## BRIEF OF THE DEFENDANT-APPELLANT
## MICHEL D'ANGELO

DAVID J. VAN DYKE, ESQ.
ATTORNEY AT LAW
HORNBLOWER LYNCH RABASCO & VANDYKE, P.A.
261 Ash Street
Lewiston, Maine  04240
(207)786-6641

# TABLE OF CONTENTS

Page

Table of Authorities      iii

Jurisdictional Statement      1

Statement of Issues      2

Statement of the Case      3

Statement of Facts      8

Summary of the Argument      12

Argument      13

**1.**      **Standard of Review.**      13

**2.**      **As a Threshold Matter, Credit for Acceptance**      14
**Pursuant to USSG 3E1.1 is Not Definitively**
**Inconsistent with Allegations of Obstruction of**
**Justice.**

**3.**      **A Denial of USSG 3E1.1 Credit Should Not be**      15
**Predicated Upon Conduct Which Preceded a**
**Change-of-Plea.**

**This Case is truly "Extraordinary":  D'Angelo**
**Unambiguously Acknowledged his Wrongdoing**
**and Ceased Criminal Activities at the Point of his**
**Change-of-Plea.  Yet He is Being Denied**
**3E1.1 Credit for Conduct __Prior__ to His Change-of-**
**Plea.**

**A.**      **D'Angelo's acknowledgment of his**      16
**Criminal responsibility was early,**
**consistent and unambiguous.**

     **B.**    **D'Angelo's conduct prior to the**    17
              **change-of-plea was consistently**
              **bad and his conduct subsequent**
              **to his change-of-plea.**

Conclusion    19

Certificate of Compliance    21

Certificate of Service    22

Addendum

    Docket Record
    Criminal Judgment

# TABLE OF AUTHORITIES

**Federal Cases**

*United States v. Bradley,*      14
917 F.2d 601 (1st Cir. 1990)

*United States v. Cooper,*      18
912 F.2d 344 (9th Cir. 1990)

*United States v. Gonzales,*      13, 14
12 F.3d 298 (1st Cir. 1993)

*United States v. Jordan,*      18
890 F.2d 968 (7th Cir. 1989)

*United States v. Maguire,*      14
752 F.3d 1 (1st Cir. 2014)

*United States v. Mata-Grullon,*      18
887 F.2d 23 (1st Cir. 1989)

*United States v. Morillo,*      14
8 F.3d 864 (1st Cir. 1993)

*United States v. O'Neil,*      17
936 F.2d 599 (1st Cir. 1991)

*United States v. Piper,*      18
918 F.2d 839 (9th Cir. 1990)

*United States v. Riquinha,*      15
328 Fed.Appx. 665 (1st Cir. 2009)

*United States v. Royer,*      14, 18
895 F.2d 28 (1st Cir. 1990)

*United States v. Scoggins,*
880 F.2d 1204 (11th Cir. 1989)                                    18

*United States v. Watkins,*
911 F.2d 983 (5th Cr. 1990)                                       18

*United States v. Wivell,*
893 F.2d 156 (8th Cir. 1990)                                      18


**Sentencing Guidelines**

USSG Section 3E1.1                                               *Passim*

# JURISDICTIONAL STATEMENT

This Court and the District Court have and had jurisdiction in this matter relating to Appellant/Defendant Michel D'Angelo (hereinafter "Appellant" or "D'Angelo"), as this is a criminal prosecution for bank robbery, in violation of 18 U.S.C. Section 2113(a) and 2.

On February 13, 2014, D'Angelo was convicted after a plea of guilty to the Indictment.

On June 20, 2014, D'Angelo was sentenced to a term of incarceration.

Subsequently, on June 24, 2014, this appeal was timely filed.

# STATEMENT OF ISSUES

1.     Was it Error for the Trial Court to Have Denied to DøAngelo Credit for His Acknowledgement of Criminal Responsibility where DøAngelo Pled Guilty Unconditionally on the Eve of Evidentiary Hearing on a Viable Suppression Motion, Long Before Trial; Advised the Court at his Change-of-Plea Hearing that He Was in Fact Guilty of the Charged Offense; Provided Probation with Correspondence Clearly and Unambiguously Admitting his Role in the Subject Robbery and His Criminal Responsibility; and Reaffirmed his Guilt at Sentencing *Merely* Due to Criminal Conduct Which (Principally) Preceded his Change-of-Plea.

## STATEMENT OF THE CASE

On June 18, 2013 Appellant-Defendant D'Angelo – together with co-defendant Jennica Miller -- was indicted for violation of 18 U.S.C. Sections 2113(a), 2 (bank robbery) [Docket entry 31].

At all times between June, 2013 and March, 2014, D'Angelo was detained and housed at the Cumberland County Jail, Portland, Maine. *During periods prior to his change-of-plea*, D'Angelo was the subject of a large number of repeated disciplinary write-ups for actions at the Jail.

On July 1, 2013 D'Angelo was arraigned. D'Angelo pled not guilty to the Indictment [Docket entry 47].

On January 2, 2014, D'Angelo moved to suppress cellular telephone records which were central to the Government's prosecution [Docket entry 91]. The Government opposed the motion to suppress [Docket entry 95].

On January 15, 2014, during a conference of counsel on the date reserved for hearing on D'Angelo's motion to suppress – on the eve of the commencement of evidentiary hearing – D'Angelo advised the Court that he wished to withdraw his motion to suppress and to change his plea to guilty. [Docket entries 101, 102].

On February 13, 2014, D'Angelo pled guilty to the Indictment [Docket entry 108].

Between February 13, 2014 and June 20, 2014 D'Angelo met with United States Probation and the parties worked with Probation towards the development of a final Pre-Sentence Investigative Report. In the course of such interaction between D'Angelo and Probation, on March 17, 2014, D'Angelo provided Probation with a statement taking full responsibility for the charged crimes and attributing his action to a desire for financial gain to address his drug addiction.[1]

In March, 2014, D'Angelo was transferred from the Cumberland County Jail to the Maine State Prison, Warren, Maine due to a disciplinary issue involving consensual sexual contact with a female inmate. Unlike all of the other disciplinary issues asserted respecting D'Angelo, no incident report was ever generated (to the undersigned's knowledge) respecting the sexual liaison.

On May 21, 2014, Probation filed its final Pre-Sentence Investigative Report. That Report recommended that the Court <u>deny</u> to D'Angelo credit for D'Angelo's acknowledgement of criminal responsibility pursuant to USSG 3E1.1. The Government concurred with Probation that the Court should deny USSG

---

[1] In his statement, D'angelo noted: "I was broke. I needed money and I wasn't working." "... I had a drug addiction to pay for ... ." "I didn't know what else to do [other than rob the bank]. I felt hopeless and desperate. I knew that I shouldn't do it, but felt as though something was pushing me to do it. I couldn't stop myself." "... I am ashamed of my actions, and I wish I had more control over them ... ." "I think that I was bent on self-destruction."

3E1.1 credit. D¢Angelo objected to that portion of the PSIR which recommended against the granting of USSG 3E1.1 credit. D¢Angelo filed a motion for a variant sentence and a general Sentencing Memorandum in support of his counsel¢s sentencing recommendation [Docket entries 125, 126]. D¢Angelo also filed a Supplemental Sentencing Memorandum detailing his arguments as specifically related to the 3E1.1 issue [Docket entry 129].

On June 20, 2014, sentencing was conducted.

In its sentencing presentation, the Government asserted three grounds for the denial of USSG 3E1.1 credit: (1) Certain *pre-plea* conduct which constituted the obstruction of justice (principally, correspondence written by D¢Angelo to co-defendant Miller suggesting certain perjuries), (2) factual disagreements which D¢Angelo had respecting the Prosecution Version of the Offense (principally, whether or not D¢Angelo had possessed/intended to use or brandish as a weapon a screwdriver at the time of the robbery or had threatened the involved bank tellers that he possessed a õbombö) and (3) certain disciplinary issues which D¢Angelo had been involved in at the Cumberland county Jail, *all of which preceded the change-of-plea other than the consensual sexual liaison which led to his transfer to the Maine State Prison.* The Government offered as exhibits at hearing, *inter alia,*

incident reports respecting all of the aforesaid disciplinary issues other than the consensual sex issue.[2]

D¢Angelo argued at sentencing (as well as in his two sentencing memoranda) that the mere fact that he had committed an obstruction of justice and had disciplinary issues while detained pre-trial did not constitute grounds to deny him USSG 3E1.1 credit where that conduct occurred *pre-plea.*[3]

D¢Angelo was denied [formal] credit for his acknowledgement of his criminal responsibility pursuant to USSG 3E1.1.[4]

In denying D¢Angelo¢s request for 3E1.1 credit, the Court acknowledged the õrational basisö for his argument that he should not be denied the credit on account of bad acts *which preceded his change-of-plea* [Sentencing transcript at p. 19], but determined that the Guidelines ó honestly analyzed -- õreally [did not] allowö for the granting of 3E1.1 credit on the facts presented [Sentencing transcript at p. 20].

---

[2]    No explanation was provided at sentencing why no incident report existed/was presented to the Court respecting the consensual sex issue.  In light of the absence of any incident report, the Trial Court lacked any context for an understanding of the nature/seriousness of the alleged bad conduct.  The undersigned asserts that ó in light of the absence of any write-up/incident report respecting the sexual liaison ó the Trial Court could not, and did not, utilize that conduct as any part of its USSG 3E1.1 denial decision.

[3]    Mid-sentencing, Judge Torresen made clear that the Court was not considering factual disagreements which D¢Angelo had respecting the Prosecution Version of the Offense as grounds for the denial of USSG 3E1.1 credit [Sentencing transcript at p. 20].

[4]    At sentencing, Judge Torresen stated that the Court was informally crediting D¢Angelo for õtwo points for acceptanceö due to his acknowledgment of guilt, even though she felt that the Court could not give formal 3E1.1 credit.  [Sentencing transcript at p. 57.]

DeAngelo was sentenced to a term of incarceration of one hundred eighty months, 3 years supervised release, a $100 special assessment and $1,298 in restitution (joint and several with co-defendant Miller) [Docket entry 136].

On June 24, 2014, this appeal was timely filed [Docket entry 138].

# STATEMENT OF THE FACTS

By the time DøAngelo came before the Court for the sentencing for the bank robbery which is at the heart of this appeal, his life had been fractured and tormented by any measure.

As detailed in the general Sentencing Memorandum filed in support of DøAngeloøs motion for variant sentence [Docket entries 125, 126], DøAngelo had little stability in his youth: He moved around between Massachusetts, Maine and Texas. DøAngeloøs father committed suicide when he was 6 years old. His step-father was physically and emotionally abusive. DøAngelo has no significant/socially-sanctioned relationships throughout his life. DøAngeloøs relationship with co-defendant Miller (for approximately two and a half years) was the longest and most-committed relationship of his life. Yet that relationship was dysfunctional and (according to Ms. Miller although strongly denied by DøAngelo) abusive. DøAngelo has only a marginal education, no meaningful work history and few apparent marketable work skills or capacities.

Against that backdrop of disconnection, DøAngelo has suffered an overlay of physical, emotional and psychological issues. DøAngelo sustained a double-fracture of his skull from a fall at age 4, which fall caused motor control problems, seizures and õannihilatedö the impulse control center of his brain.

*Sequelae* from Michel's head injury at age 4 were aggravated by subsequent head injuries. The absence of impulse control informed D'Angelo's subsequent development. D'Angelo had suffered a lifetime of seizures, for which he had treated with multiple medicines. D'Angelo was diagnosed with ADD at age six and, subsequently, ADHD, ODD (Oppositional Defiant Disorder) and bi-polar disorder, in the context of an increasingly anti-social adolescence animated with bouts of rage and aggression and countless combinations and permutations of psychiatric medications including, among others, Lithium; Depakote; Thorazine; Haldol; Tegretol; Buspar; Pamelor; Lorazepam (Ativan) and Nortriptyline. D'Angelo was warehoused in a variety of institutional settings in New Hampshire, Maine and Massachusetts, including revolving ōcorrectionalō settings. D'Angelo frequently attempted suicide. Additionally, throughout his life, D'Angelo suffered poly-substance abuse.

Not surprisingly, D'Angelo's life to September, 2012 involved an unbroken litany of criminal conduct.

On September 21, 2012, D'Angelo ó together with co-defendant Miller ó indisputably robbed the Kennebunk Savings Bank in Berwick, Maine. Miller called 9-1-1 to distract police authorities; D'Angelo entered the bank, demanded money and obtained $1,298 in currency.

On September 26, 2012, Police authorities arrested D'Angelo and Miller.

From September, 2012 and up until January 15, 2013, DøAngelo denied his involvement in the subject bank robbery. DøAngelo interposed a motion to suppress certain evidence central to the investigation which led to his arrest.

**However, on January 15, 2014, the date scheduled for evidentiary hearing on his motion to suppress, D'Angelo decided to "come clean" and to end his lifetime of criminality. He abruptly instructed his counsel – the undersigned – to advise the Court that he was in fact guilty of the bank robbery and that he wanted to plead guilty to the charge – that he did not wish to be a criminal any longer.**

Like an on/off light switch, as of January 15, 2014, DøAngelo moved out of the darkness of consistent and long-term criminality into the light of law-abiding behavior: He acknowledged his guilt, pled guilty in open court and freely/thoroughly discussed his wrongdoing and the context in which it occurred. He ceased getting into institutional disciplinary problems (with the singular example of a sexual liaison with a female fellow inmate at the county jail where he was then housed). He has not been reported for a single malfeasance.

Yet, despite DøAngelo giving up his prior criminality and adopting a more appropriate lifestyle, the Court refused to give him 3E1.1 credit at sentencing, essentially due to conduct which had occurred prior to his change of plea.

D¢Angelo maintains that if he is not a model of the sincere character-adjustment for which the Guidelines feature 3E1.1, than no one could be.

D¢Angelo asks that his case be remanded back to the District Court for a re-sentencing in the context of his receipt of formal acceptance credit, pursuant to USSG Section 3E1.1.

# SUMMARY OF THE ARGUMENT

This appeal raises a singular issue, to wit: Whether or not it was error for the Trial Court to have denied DøAngelo credit for his acknowledgement of criminal responsibility where DøAngelo (a) pled guilty unconditionally on the eve of evidentiary hearing on a viable suppression motion, long before trial; (b) advised the Court at his change-of-plea hearing that he was in fact guilty of the charged offense; (c) provided Probation with correspondence clearly and unambiguously admitting his role in the subject robbery and his criminal responsibility and (d) reaffirmed his guilt at sentencing *merely* due to criminal conduct which (principally) preceded his change-of-plea, including conduct which constitutes the obstruction of justice.

DøAngelo respectfully asserts that:

(1)     3E1.1 credit for acceptance is not definitively inconsistent with allegations of obstruction of justice, as a threshold matter, and

(2)     a defendant otherwise entitled to 3E1.1 acceptance credit should not be denied that credit on account of conduct which occurred prior to his guilty plea.

# **ARGUMENT**

The Government offered three bases for its argument that DøAngelo be denied credit for acceptance under USSG 3E1.1: (1) That DøAngelo had õobstructed justiceö through correspondence to Ms. Miller to inspire her to testify/act in certain respects with regard to this case inconsistent with justice, and in other pre-plea actions; (2) That DøAngelo objected to the portion of the Prosecution Version of the Offense which related to threats at the time of the robbery and (3) That DøAngelo had had a series of disciplinary issues during his continued incarceration (both before and after his change-of-plea).

The Trial Court placed no weight upon the second of the three aforesaid factors.

For the reasons discussed below, the Trial Court should have granted DøAngelo USSG 3E1.1 credit.

## 1.     **Standard of Review.**

Insofar as DøAngelo sought the USSG 3E1.1 adjustment for acceptance of responsibility at sentencing, he maintained the burden of proving that the adjustment was warranted. *United States v. Gonzalez,* 12 F.3d 298, 300 (1st Cir.

1993); *United States v. Morillo,* 8 F.3d 864, 865 (1st Cir. 1993); *United States v. Bradley,* 917 F.2d 601, 606 (1st Cir. 1990).

A trial court's denial of such a claim is reviewed for clear error. "Whether a defendant `clearly demonstrates a recognition and affirmative acceptance of personal responsibility' is a fact-dominated issue, and the district court's decision to withhold a reduction in the offense level will not be overturned unless clearly erroneous." *United States v. Royer,* 895 F.2d 28, 29 (1st Cir. 1990) (citation omitted).

**2.     As a Threshold Matter, Credit for Acceptance Pursuant to USSG 3E1.1 is Not Definitively Inconsistent with Allegations of Obstruction of Justice.**

As a threshold matter, credit for acceptance is not definitively inconsistent with allegations of obstruction of justice. As this Court has noted:

> The baseline rule, of course, is that "[c]onduct resulting in a enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility." USSG Section 3E1.1, comment. (n.4). Yet the sentencing guidelines explicitly confirm that there may be "extraordinary cases" in which adjustments for both obstruction of justice and acceptance of responsibility can coexist. *Id.* In such instances, the defendant has the burden of proving that an adjustment for acceptance of responsibility is warranted. *See United States v. Gonzales*, 12 F.3d 298, 300 (1st Cir. 1993).

> *United States v. Maguire*, 752 F.3d 1 (1st Cir. 2014).

*See also* USSG 3E1.1 commentary note 4; *United States v. Riquinha*, 328 Fed.Appx. 665 (1st Cir. 2009) (example, among many, of sentence including both 3C1.1 obstruction enhancement and 3E1.1 acceptance credit).

**3.     A Denial of USSG 3E1.1 Credit Should Not be Predicated Upon Conduct Which Preceded a Change-of-Plea.**

**This Case is truly "Extraordinary":  D'Angelo Unambiguously Acknowledged his Wrongdoing and Ceased Criminal Activities at the Point of his Change-of-Plea.  Yet He is Being Denied 3E1.1 Credit for Conduct <u>Prior</u> to His Change-of-Plea.**

Looking squarely (and fairly) at D'Angelo's conduct here, two facts are inescapable:  First, D'Angelo's acknowledgment of his criminal responsibility was early, consistent and unambiguous.

Second, D'Angelo's conduct prior to the change-of-plea was consistently bad and his conduct subsequent to his change-of-plea (with the exception of the aforesaid consensual sexual liaison as to which the Trial Court had no incident report or other basis for any factual understanding) was almost-universally good.

**A.** **D'Angelo's acknowledgment of his criminal responsibility was early, consistent and unambiguous.**

On January 15, 2014, during a conference of counsel on the date reserved for hearing on D'Angelo's motion to suppress – on the eve of the commencement of hearing – D'Angelo advised the Court that he wished to withdraw his motion to suppress and to change his plea to guilty. [Docket entries 101, 102]. He re-affirmed his guilt at his subsequent change-of-plea hearing, in a heartfelt letter to Probation during the PSIR stage and directly to the Trial Court at sentencing.

D'Angelo has admitted his guilt and has conceded the multiple failings which led him to him to wrongdoing – among them impulse control and drug addiction problems.

Since January, 2014, D'Angelo has never stepped back from his admission one step. His acknowledgment of wrongdoing was early, and has been consistent and unambiguous.

**B. D'Angelo's conduct prior to the change-of-plea was consistently bad and his conduct subsequent to his change-of-plea (with the exception of the aforesaid consensual sexual liaison as to which the Trial Court had no incident report or other basis for any factual understanding) was consistently good.**

USSG 3E1.1 Commentary Note 3 states that õ[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct í will constitute significant evidence of acceptance of responsibility for the purposes of [3E1.1]. í However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibilityö.

This Court has ably articulated that bad conduct subsequent to a defendantøs guilty plea undercuts a defendantøs claim to USSG 3E1.1 credit. *See U.S. v. O'Neil*, 936 F.2d 599, 600-01 (1st Cir. 1991):

> We can find nothing unlawful about a court's looking to a defendant's later conduct in order to help the court decide whether the defendant is truly sorry for the crimes he is charged with. The fact that a defendant engages in later, undesirable, behavior does not *necessarily* prove that he is not sorry for an earlier offense; but, it certainly could shed light on the sincerity of a defendant's claims of remorse. We are not surprised that the courts, so far, have uniformly held that: a district court may consider continued criminal conduct by a defendant as evidence of a lack of sincere remorse and, accordingly, deny the two-

level reduction under 3E1.1, even in the face of a defendant's assertions to the contrary or agreement to plead guilty. *United States v. Cooper,* 912 F.2d 344, 346 (9th Cir. 1990); *accord United States v. Piper,* 918 F.2d 839, 840-41 (9th Cir. 1990); *United States v. Watkins,* 911 F.2d 983, 984-85 (5th Cir. 1990); *United States v. Wivell,* 893 F.2d 156, 159 (8th Cir. 1990); *United States v. Jordan,* 890 F.2d 968, 974 (7th Cir. 1989); *United States v. Scroggins,* 880 F.2d 1204, 1216 (11th Cir. 1989), *cert. denied,* ___ U.S. ___, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). And, we agree with this statement of the law. In our view the district court here could reasonably conclude that the appellant's later conduct (such as his use of marijuana in violation of bail conditions explicitly forbidding drug use) showed that the defendant lacked "authentic remorse" for the post-office crimes. *See* U.S.S.G. § 3E1.1, comment. (n. 5) (The "acceptance of responsibility . . . determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."); *see also United States v. Royer,* 895 F.2d 28, 29 (1st Cir. 1990); *United States v. Mata-Grullon,* 887 F.2d 23, 24 (1st Cir. 1989) (per curiam).

However, the Court has not yet articulated the parameters of a trial court's use of bad acts which *precede* the defendant's guilty plea as a predicate for a USSG 3E1.1 denial.

The letters admittedly drafted by D'Angelo to co-defendant Miller and all of the Cumberland County Jail disciplinary write-ups/incident reports received by the Trial Court as exhibits at sentencing indisputably *preceded* D'Angelo's change-of-plea. He was a õmodel personö after his change-of-plea. *See*

Sentencing Transcript at p. 19, 20.[5]

It is respectfully asserted that when an individual early, consistently and unambiguously acknowledges his criminal responsibility, and thereafter is essentially crime free, that person should receive 3E1.1 credit notwithstanding bad acts which *preceded* his admission.

## CONCLUSION

For the foregoing reasons, the Judgment and Commitment should be vacated and the matter be remanded back to the District Court for a re-sentencing consistent with the foregoing.

---

[5]    Undersigned: "Yes, [D'Angelo] sent letters to [co-defendant Miller] talking about spinning a web of lies to make their case more viable; he did that. That's before he decided to man up [plead guilty]. He manned up.

Since that time, and Your Honor can look at the exhibits, every discipline in writing preceded the plea. The only write-up, the only incident we have [post-plea] was the sex issue. That was not written up. ¶ In fact, that's the only incident of Mike D'Angelo being less than a model person since the change-of-plea, and this has been four months that he's been crime free, juxtaposing to a lifetime before that of incident after incident after incident.

This is actually a man who can actually credibly stand before this Court and say I've changed and if 3E1.1 means anything, it means that you don't hold him to what – before he makes his acknowledgement."

Dated at Lewiston, Maine, this 24th day of September, 2014.

Respectfully submitted,


/s/ David J. Van Dyke
David J. Van Dyke, Esq.
*Attorney for Defendant-Appellant*
*Michel D'Angelo*

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)

Certificate of Compliance with type volume limitation, typeface requirements and
typestyle requirements

1. This brief complies with the type volume limitation of Fed.R.App.P. 32
   (a)(7)(B) because this brief contains fewer words than permitted under the
   applicable limitation, including footnotes and endnotes, and has less than 30
   pages, excluding parts of the brief exempted by Fed.R.App. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5)
   because this brief has been prepared in a proportionally spaced typeface using
   Microsoft Word 2003 in 14 point Times New Roman.

DATED:  September 24, 2014

/s/ David J. Van Dyke
David J. Van Dyke, Esq.
Attorney at Law
Hornblower Lynch Rabasco
& Van Dyke, P.A.
261 Ash Street
P O Box 116
Lewiston ME 04243-0116

# CERTIFICATE OF SERVICE

I, David J. Van Dyke, Esq., Attorney for the Defendant-Appellant Michel D∅Angelo in the within matter, hereby certify that I have on this date filed the within Appellant∅s Brief in the ECF/Pacer system and have caused delivery of a hard copy of Appellant∅s Brief and Appendix by mailing said copy via U.S. mail, postage pre-paid to the following

Margaret McGaughey, Esq.
Office of the U.S. Attorney
P.O. Box 9718, 100 Middle Street
6th Floor, East Tower
Portland, Maine 04104

DATED: September 24, 2014

/s/ David J. Van Dyke
David J. Van Dyke, Esq.
Attorney at Law
Hornblower Lynch Rabasco
& Van Dyke, P.A.
261 Ash Street
P O Box 116
Lewiston ME 04243-0116

# ADDENDUM

|                     | Page(s) |
| ------------------- | ------- |
| Docket Record       | 1-9     |
| Appeal Cover Sheet  | 10-11   |
| Notice of Appeal    | 12-13   |
| Judgment            | 14-19   |

APPEAL,CLOSED,COURTEXHIBITS,SEALEDDOC,VICTIM

# U.S. District Court
## District of Maine (Portland)
## CRIMINAL DOCKET FOR CASE #: <u>2:13-cr-00114-NT</u>-1

Case title: USA v. D'ANGELO et al
Magistrate judge case number:  2:13-mj-00045-JHR

Date Filed: 06/18/2013
Date Terminated: 06/20/2014

Assigned to: JUDGE NANCY
TORRESEN

### Defendant (1)

**MICHEL D'ANGELO**
*TERMINATED: 06/20/2014*
*also known as*
KARMA
*TERMINATED: 06/20/2014*

represented by  **DAVID J. VAN DYKE**
HORNBLOWER, LYNCH, RABASCO & VAN
DYKE
P.O. BOX 116
261 ASH ST.
LEWISTON, ME 04243-0116
207-786-6641
Email: dvandyke@hlrvd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**CLIFFORD STRIKE**
STRIKE, GOODWIN & O'BRIEN
400 ALLEN AVENUE
PORTLAND, ME 04103
207-878-5519
Email: cstrike@sgolawyers.com
*TERMINATED: 09/10/2013*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

BANK ROBBERY AND
AIDING AND ABETTING,
18:2113(a) AND 18:2
(1)

### Disposition

Defendant sentenced to 180 months imprisonment,
three years supervised release, a $100.00 special
assessment, and restitution in the amount of
$1,298.00 on Count One JOINT AND SEVERAL
with co-defendant Jennica Miller.

### Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| None | |

| Highest Offense Level (Terminated) | |
|---|---|
| None | |

| Complaints | Disposition |
|---|---|
| BANK ROBBERY, 18:2113(a)(2) | |

**Plaintiff**

USA

represented by  **DARCIE N. MCELWEE**
U.S. ATTORNEY'S OFFICE
DISTRICT OF MAINE
100 MIDDLE STREET PLAZA
PORTLAND, ME 04101
207−771−3227
Email: darcie.mcelwee@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/11/2013 | 1 | | COMPLAINT as to MICHEL D'ANGELO (1) & JENNICA MILLER (2). (mnw) [2:13−mj−00045−JHR] (Entered: 04/11/2013) |
| 04/11/2013 | 2 | | SYNOPSIS as to MICHEL D'ANGELO (mnw) [2:13−mj−00045−JHR] (Entered: 04/11/2013) |
| 04/11/2013 | 6 | | Arrest Warrant Issued by MAGISTRATE JUDGE JOHN H. RICH III as to MICHEL D'ANGELO. Original delivered to U.S. Marshals Service. (mnw) Modified on 4/12/2013 to unseal document per notification of arrest (dfr). [2:13−mj−00045−JHR] (Entered: 04/11/2013) |
| 04/11/2013 | 8 | | MOTION for Detention by USA as to MICHEL D'ANGELO Responses due by 5/2/2013. (MCELWEE, DARCIE) [2:13−mj−00045−JHR] (Entered: 04/11/2013) |
| 04/11/2013 | 9 | | Financial Declaration by MICHEL D'ANGELO (Access to document is restricted to USA and applicable defendant only) (mnw) [2:13−mj−00045−JHR] (Entered: 04/11/2013) |
| 04/11/2013 | 10 | | Minute Entry for proceedings held before MAGISTRATE JUDGE JOHN H. RICH III. Initial Appearance held as to MICHEL D'ANGELO. Attorney Appointment Hearing held as to MICHEL D'ANGELO. Attorney Clifford Strike appointed as counsel for Michel D'Angelo. After court inquiry, the record reflects that the defendant was arrested on 04/11/2013. Preliminary Hearing Waived as to MICHEL D'ANGELO. Detention Hearing Waived as to |

2

|  |  | MICHEL D'ANGELO. Defendant remanded to the custody of the U.S. Marshal. (Court Reporter: Dennis Ford) (mnw) [2:13–mj–00045–JHR] (Entered: 04/11/2013) |
| 04/11/2013 | 11 | WAIVER of Preliminary Hearing by MICHEL D'ANGELO (mnw) [2:13–mj–00045–JHR] (Entered: 04/11/2013) |
| 04/11/2013 | 12 | ORAL ORDER granting 8 Motion for Detention as to MICHEL D'ANGELO (1). By MAGISTRATE JUDGE JOHN H. RICH III. (mnw) [2:13–mj–00045–JHR] (Entered: 04/11/2013) |
| 04/11/2013 | 13 | CJA 20 as to MICHEL D'ANGELO: Appointment of Attorney Clifford Strike for Michel D'Angelo; Original form to defense counsel. Signed by Melody Whitten, Deputy Clerk per Order of MAGISTRATE JUDGE JOHN H. RICH III on 04/11/2013. (mnw) [2:13–mj–00045–JHR] (Entered: 04/11/2013) |
| 04/11/2013 |  | Arrest of MICHEL D'ANGELO per notification of the U.S. Marshals Service (dfr) [2:13–mj–00045–JHR] (Entered: 04/12/2013) |
| 04/12/2013 | 14 | ORDER OF DETENTION as to MICHEL D'ANGELO. By MAGISTRATE JUDGE JOHN H. RICH III. (mnw) [2:13–mj–00045–JHR] (Entered: 04/12/2013) |
| 04/18/2013 | 25 | Arrest Warrant Returned Executed on 4/11/2013 as to MICHEL D'ANGELO (nrg) [2:13–mj–00045–JHR] (Entered: 04/18/2013) |
| 05/02/2013 | 27 | Joint MOTION for Extension of Time to Indict *by 30 days* by USA as to MICHEL D'ANGELO Responses due by 5/23/2013. (MCELWEE, DARCIE) [2:13–mj–00045–JHR] (Entered: 05/02/2013) |
| 05/06/2013 | 30 | SPEEDY TRIAL ORDER granting 27 Motion for Extension of Time to Indict. Time excluded from May 2, 2013, until June 5, 2013, as to MICHEL D'ANGELO (1) By MAGISTRATE JUDGE JOHN H. RICH III. (nrg) [2:13–mj–00045–JHR] (Entered: 05/07/2013) |
| 06/18/2013 | 31 | INDICTMENT as to MICHEL D'ANGELO (1) count(s) 1, JENNICA MILLER (2) count(s) 1. (dfr) (Additional attachment(s) added on 6/19/2013: # 1 Unredacted Document Available at the Clerk's Office) (dfr). (Entered: 06/19/2013) |
| 06/18/2013 | 32 | SYNOPSIS as to MICHEL D'ANGELO (dfr) (Entered: 06/19/2013) |
| 06/21/2013 | 37 | NOTICE OF HEARING as to MICHEL D'ANGELO Arraignment set for 6/26/2013 03:00 PM in Portland Hearing Room before MAGISTRATE JUDGE JOHN H. RICH III. (nrg) (Entered: 06/21/2013) |
| 06/26/2013 | 40 | MOTION by Clifford B. Strike to Withdraw as Attorney by MICHEL D'ANGELO Responses due by 7/17/2013. (STRIKE, CLIFFORD) (Entered: 06/26/2013) |
| 06/26/2013 | 41 | NOTICE as to MICHEL D'ANGELO: due to the filing of motion #40 to withdraw as attorney the arraignment hearing set for 6/26/2013, has been postponed. A motion hearing will be schedule for 7/1/2013. (nrg) (Entered: 06/26/2013) |
| 06/26/2013 | 42 | NOTICE OF HEARING ON MOTION Re: 40 MOTION by Clifford B. Strike to Withdraw as Attorney : as to MICHEL D'ANGELO Motion Hearing set for |

3

| | | | |
|---|---|---|---|
| | | | 7/1/2013 03:00 PM in Portland Hearing Room before MAGISTRATE JUDGE JOHN H. RICH III. (nrg) (Entered: 06/26/2013) |
| 06/28/2013 | 44 | | CORPORATE DISCLOSURE STATEMENT by USA as to MICHEL D'ANGELO, JENNICA MILLER (MCELWEE, DARCIE) (Entered: 06/28/2013) |
| 07/01/2013 | 45 | | ORDER – No Action Necessary on 40 Motion to Withdraw as Attorney as to MICHEL D'ANGELO (1). Following an ex parte hearing on a sealed record with the defendant and his court–appointed counsel, counsel and the defendant no longer press the instant motion. By MAGISTRATE JUDGE JOHN H. RICH III. (RICH III, JOHN) (Entered: 07/01/2013) |
| 07/01/2013 | 46 | | Minute Entry for proceedings held before MAGISTRATE JUDGE JOHN H. RICH III: Motion Hearing held as to MICHEL D'ANGELO re 40 MOTION by Clifford B. Strike to Withdraw as Attorney filed by MICHEL D'ANGELO. (Court Reporter: Lori Dunbar) (nrg) (Entered: 07/01/2013) |
| 07/01/2013 | 47 | | Minute Entry for proceedings held before MAGISTRATE JUDGE JOHN H. RICH III: Arraignment held as to MICHEL D'ANGELO (1) Count 1, Plea entered: Not Guilty on count 1; Plea Accepted. The defendant is remanded to the custody of the US Marshals Service. (Court Reporter: Lori Dunbar) (nrg) (Entered: 07/01/2013) |
| 07/01/2013 | 48 | | ORAL WAIVER of Speedy Trial by MICHEL D'ANGELO for August 5, 2013, through September 3, 2013. (nrg) (Entered: 07/01/2013) |
| 07/01/2013 | 49 | | ORDER IN RESPECT TO DISCOVERY as to MICHEL D'ANGELO, Motions due by 8/2/2013. Ready for Trial on 9/3/2013. By MAGISTRATE JUDGE JOHN H. RICH III. (nrg) (Entered: 07/01/2013) |
| 07/30/2013 | 57 | | ***FILED IN ERROR***Unopposed MOTION to Extend Time by MICHEL D'ANGELO Responses due by 8/20/2013. (STRIKE, CLIFFORD) Modified on 7/31/2013 to indicate filed in error counsel have filed an amended motion (dfr). (Entered: 07/30/2013) |
| 07/31/2013 | 58 | | Amended Unopposed MOTION to Extend Time by MICHEL D'ANGELO Responses due by 8/21/2013. (STRIKE, CLIFFORD) (Entered: 07/31/2013) |
| 07/31/2013 | | | Set Deadlines as to MICHEL D'ANGELO : Proposed Speedy Trial Exclusion Order due by 8/1/2013. (dfr) (Entered: 07/31/2013) |
| 07/31/2013 | 60 | | TRIAL LIST as to MICHEL D'ANGELO, JENNICA MILLER Jury Selection set for 9/3/2013 09:00 AM in Portland Courtroom 2 before JUDGE NANCY TORRESEN. On Trial List for 9/3/2013. Trial Brief due by 8/27/2013. (dfr) (Entered: 07/31/2013) |
| 08/01/2013 | 62 | | SPEEDY TRIAL ORDER granting 58 Motion to Extend Time Time excluded from 8/2/2013 until 8/23/2013 as to MICHEL D'ANGELO (1) By MAGISTRATE JUDGE JOHN H. RICH III. (dfr) (Entered: 08/01/2013) |
| 08/01/2013 | | | Reset Deadlines as to MICHEL D'ANGELO Per Order #62: Motions due by 8/23/2013. (dfr) (Entered: 08/01/2013) |
| 08/15/2013 | 64 | | Unopposed MOTION to Extend Time by MICHEL D'ANGELO Responses due by 9/5/2013. (STRIKE, CLIFFORD) (Entered: 08/15/2013) |

| 08/15/2013 | | | Set Deadlines as to MICHEL D'ANGELO : Proposed Speedy Trial Exclusion Order due from the government by 8/16/2013. (mlm) (Entered: 08/15/2013) |
| 08/19/2013 | | | Reset Deadlines as to MICHEL D'ANGELO : Proposed Speedy Trial Exclusion Order due from the Government by 8/20/2013. (mnw) (Entered: 08/19/2013) |
| 08/20/2013 | 65 | | SPEEDY TRIAL ORDER granting 64 Motion to Extend Time. Time excluded from August 23, 2013 until August 30, 2013 as to MICHEL D'ANGELO (1). By MAGISTRATE JUDGE JOHN H. RICH III. (mnw) (Entered: 08/20/2013) |
| 08/20/2013 | | | Reset Deadlines as to MICHEL D'ANGELO – Per Speedy Trial Order #65: Motions due by 8/30/2013. (mnw) (Entered: 08/20/2013) |
| 08/26/2013 | | | Reset Deadlines as to MICHEL D'ANGELO, JENNICA MILLER Per Order #67: Ready for Trial on 10/7/2013. (dfr) (Entered: 08/26/2013) |
| 08/28/2013 | 69 | | TRIAL LIST as to MICHEL D'ANGELO, JENNICA MILLER Jury Selection set for 10/7/2013 09:00 AM in Portland Courtroom 1 before JUDGE NANCY TORRESEN. On Trial List for 10/7/2013. Trial Brief due by 9/30/2013. (dfr) (Entered: 08/28/2013) |
| 09/09/2013 | 74 | | MOTION by Clifford B. Strike to Withdraw as Attorney by MICHEL D'ANGELO Responses due by 9/30/2013. (STRIKE, CLIFFORD) (Entered: 09/09/2013) |
| 09/10/2013 | 76 | | ORAL ORDER granting 74 Motion to Withdraw as Attorney as to MICHEL D'ANGELO (1) By JUDGE NANCY TORRESEN. (dfr) (Entered: 09/10/2013) |
| 09/10/2013 | 78 | | CJA 20 as to MICHEL D'ANGELO: Appointment of Attorney DAVID J. VAN DYKE for MICHEL D'ANGELO; COUNSEL SHALL PRINT AND SUBMIT COMPLETED VOUCHER FOR PAYMENT IN PAPER AT APPROPRIATE TIME.<br><br>**NOTICE TO COUNSEL:** More procedural and policy information regarding CJA–20 appointments and information on current billing and mileage rates can be found on our web site at http://www.med.uscourts.gov/cja–criminal–justice–act. Signed by Nicholas R. Gordon, Deputy Clerk per order of JUDGE NANCY TORRESEN on 9/10/2013. (nrg) (Entered: 09/11/2013) |
| 09/16/2013 | 79 | | MOTION to Continue *Trial and Enlarge Time for Filing Pre–trial Motions* by MICHEL D'ANGELO Responses due by 10/7/2013. (VAN DYKE, DAVID) (Entered: 09/16/2013) |
| 09/20/2013 | 80 | | SPEEDY TRIAL ORDER granting 79 Motion to Continue Time excluded from 9/16/2013 until 12/2/2013 as to MICHEL D'ANGELO (1) By MAGISTRATE JUDGE JOHN H. RICH III. (dfr) (Entered: 09/23/2013) |
| 09/23/2013 | | | Reset Deadlines/Hearings as to MICHEL D'ANGELO, JENNICA MILLER Per Order #80: Motions due by 11/4/2013. Ready for Trial on 12/2/2013. (dfr) (Entered: 09/23/2013) |
| 10/30/2013 | 82 | | TRIAL LIST as to MICHEL D'ANGELO, JENNICA MILLER Jury Selection set for 12/2/2013 at 09:00 AM in Portland Courtroom 1 before JUDGE |

| | | | |
|---|---|---|---|
| | | | NANCY TORRESEN. On Trial List for 12/2/2013. Trial Brief due by 11/25/2013. (dfr) (Entered: 10/30/2013) |
| 10/31/2013 | 83 | | MOTION to Suppress by MICHEL D'ANGELO Responses due by 11/21/2013. (VAN DYKE, DAVID) (Entered: 10/31/2013) |
| 11/19/2013 | 84 | | NOTICE as to MICHEL D'ANGELO, JENNICA MILLER: Due to the pending Motion to Suppress this case will no longer be placed on the Court's December 2, 2013 criminal trial list. Ready for Trial reset to 1/7/2014. (dfr) (Entered: 11/19/2013) |
| 11/22/2013 | 85 | | RESPONSE in Opposition by USA as to MICHEL D'ANGELO re 83 MOTION to Suppress Reply due by 12/6/2013. (MCELWEE, DARCIE) (Entered: 11/22/2013) |
| 11/27/2013 | 86 | | TRIAL LIST as to MICHEL D'ANGELO, JENNICA MILLER Jury Selection set for 1/7/2014 09:00 AM in Portland Courtroom 1 before JUDGE NANCY TORRESEN. On Trial List for 1/7/2014. Trial Brief due by 12/30/2013. (dfr) (Entered: 11/27/2013) |
| 12/10/2013 | 87 | | NOTICE OF HEARING ON MOTION Re: 83 MOTION to Suppress : as to MICHEL D'ANGELO Suppression Hearing set for 1/15/2014 at 02:00 PM in Portland Courtroom 2 before JUDGE NANCY TORRESEN. (dfr) (Entered: 12/10/2013) |
| 12/10/2013 | 88 | | NOTICE as to MICHEL D'ANGELO, JENNICA MILLER: Due to the pending Motion to Suppress, this case will no longer be placed on the Court's January 7, 2014 Criminal Trial List. Ready for Trial reset to 2/3/2014. (dfr) (Entered: 12/10/2013) |
| 12/26/2013 | 89 | | TRIAL LIST as to MICHEL D'ANGELO, JENNICA MILLER Jury Selection set for 2/3/2014 at 09:00 AM in Portland Courtroom 1 before JUDGE NANCY TORRESEN. On Trial List for 2/3/2014. Trial Brief due by 1/27/2014. (dfr) (Entered: 12/26/2013) |
| 01/02/2014 | 90 | | Second MOTION to Extend Time *for Filing Motion to Suppress* by MICHEL D'ANGELO Responses due by 1/23/2014. (VAN DYKE, DAVID) (Entered: 01/02/2014) |
| 01/02/2014 | 91 | | MOTION to Suppress *Cellular Telephone Records* by MICHEL D'ANGELO Responses due by 1/23/2014. (VAN DYKE, DAVID) (Entered: 01/02/2014) |
| 01/06/2014 | 92 | | ORDER granting 90 Motion to Extend Time for Filing Motion to Suppress as to MICHEL D'ANGELO (1) By JUDGE NANCY TORRESEN. (dfr) (Entered: 01/06/2014) |
| 01/06/2014 | | | Reset Deadlines in case as to MICHEL D'ANGELO regarding 91 MOTION to Suppress *Cellular Telephone Records* Per request for expedited brieifing by U.S. District Judge Nancy Torresen: Responses due by 1/10/2014. No Reply is permitted. The Suppression Hearing on both motions will remain on for January 15, 2014 at 2:00 p.m. (dfr) (Entered: 01/06/2014) |
| 01/11/2014 | 95 | | RESPONSE in Opposition by USA as to MICHEL D'ANGELO re 91 MOTION to Suppress *Cellular Telephone Records* Reply due by 1/27/2014. (MCELWEE, DARCIE) (Entered: 01/11/2014) |

| | | | |
|---|---|---|---|
| 01/14/2014 | 98 | | NOTICE as to MICHEL D'ANGELO: Due to the pending motions to suppress, this case will no longer be placed on the Court's February 3, 2014 criminal trial list. Ready for Trial reset to 3/3/2014. (dfr) (Entered: 01/15/2014) |
| 01/15/2014 | 101 | | Minute Entry for proceedings held before JUDGE NANCY TORRESEN:Conference of Counsel held as to MICHEL D'ANGELO, Motion Hearing held as to MICHEL D'ANGELO re 91 MOTION to Suppress *Cellular Telephone Records* filed by MICHEL D'ANGELO, 83 MOTION to Suppress filed by MICHEL D'ANGELO. Motions withdrawn by the defendant. Defendant remanded to the custody of the U.S. Marshals Service. (Court Reporter: Lori Dunbar) (dfr) (Entered: 01/15/2014) |
| 01/15/2014 | 102 | | ORAL WITHDRAWAL of Motion by MICHEL D'ANGELO re 83 MOTION to Suppress filed by MICHEL D'ANGELO, 91 MOTION to Suppress *Cellular Telephone Records* filed by MICHEL D'ANGELO (dfr) (Entered: 01/15/2014) |
| 01/29/2014 | 104 | | NOTICE OF HEARING as to MICHEL D'ANGELO Change of Plea Hearing set for 2/13/2014 at 03:00 PM in Portland Courtroom 2 before JUDGE NANCY TORRESEN. The defendant will be required to identify every prescription medication he is taking and to specify the dosage and frequency, purpose and effects of the medication. (The same requirement applies to medications prescribed but NOT taken, with an additional requirement that the defendant explain why it was not taken and the consequences of the failure to take it.) Failure to do so satisfactorily may result in the judges refusal to accept the plea. Counsel may find it convenient to use a written list for this purpose. **Counsel shall file the prosecution version and any plea agreement at least 2 business days prior to the change of plea.** (Check for Receipt of Prosecution Version and any Plea Agreement on 2/11/2014.) (dfr) (Entered: 01/29/2014) |
| 01/30/2014 | 105 | | TRIAL LIST as to MICHEL D'ANGELO Jury Selection set for 3/3/2014 09:00 AM in Portland Courtroom 1 before JUDGE NANCY TORRESEN. On Trial List for 3/3/2014. Trial Brief due by 2/24/2014. (dfr) (Entered: 01/30/2014) |
| 02/10/2014 | 106 | | PROSECUTION VERSION as to MICHEL D'ANGELO (MCELWEE, DARCIE) (Entered: 02/10/2014) |
| 02/12/2014 | 107 | | NOTICE OF RESCHEDULED HEARING (TIME ONLY) as to MICHEL D'ANGELO Change of Plea Hearing set for 2/13/2014 08:15 AM in Portland Courtroom 2 before JUDGE NANCY TORRESEN. The defendant will be required to identify every prescription medication he is taking and to specify the dosage and frequency, purpose and effects of the medication. (The same requirement applies to medications prescribed but NOT taken, with an additional requirement that the defendant explain why it was not taken and the consequences of the failure to take it.) Failure to do so satisfactorily may result in the judges refusal to accept the plea. Counsel may find it convenient to use a written list for this purpose. **Counsel shall file the prosecution version and any plea agreement at least 2 business days prior to the change of plea.** (mjlt) (Entered: 02/12/2014) |
| 02/13/2014 | 108 | | Minute Entry for proceedings held before JUDGE NANCY TORRESEN:Change of Plea Hearing held as to MICHEL D'ANGELO, Guilty |

| | | | |
|---|---|---|---|
| | | | Plea entered as to Count One of the Indictment ; Plea accepted. (Court Reporter: Lori Dunbar) (lrc) (Entered: 02/13/2014) |
| 02/13/2014 | 109 | | NOTICE OF HEARING as to MICHEL D'ANGELO Presentence Conference set for 5/15/2014 11:00 AM in Judge Torresen's Chambers before JUDGE NANCY TORRESEN. Sentencing set for 5/28/2014 09:00 AM in Portland Courtroom 2 before JUDGE NANCY TORRESEN. (lrc) (Entered: 02/13/2014) |
| 02/27/2014 | 110 | | Third MOTION to Extend Time for the Preparation of Preliminary Pre−Sentence Investigative Report (Agreed−To) by MICHEL D'ANGELO Responses due by 3/20/2014. (VAN DYKE, DAVID) (Entered: 02/27/2014) |
| 02/27/2014 | 111 | | ORDER granting without objection 110 Motion to Extend Time as to MICHEL D'ANGELO (1) By JUDGE NANCY TORRESEN. (TORRESEN, NANCY) (Entered: 02/27/2014) |
| 02/27/2014 | 112 | | NOTICE OF RESCHEDULED HEARING as to MICHEL D'ANGELO Presentence Conference reset for 6/9/2014 at 09:00 AM in Judge Torresen's Chambers before JUDGE NANCY TORRESEN. Sentencing reset for 6/24/2014 at 10:00 AM in Portland Courtroom 2 before JUDGE NANCY TORRESEN. (dfr) (Entered: 02/27/2014) |
| 05/15/2014 | 124 | | NOTICE OF RESCHEDULED HEARING (TIME ONLY) as to MICHEL D'ANGELO Sentencing reset for 6/24/2014 at 03:00 PM in Portland Courtroom 2 before JUDGE NANCY TORRESEN. (dfr) (Entered: 05/15/2014) |
| 05/19/2014 | 125 | | MOTION for Variant Sentence by MICHEL D'ANGELO Responses due by 6/9/2014. (VAN DYKE, DAVID) (Entered: 05/19/2014) |
| 05/19/2014 | 126 | | SENTENCING MEMORANDUM by MICHEL D'ANGELO (VAN DYKE, DAVID) (Entered: 05/19/2014) |
| 05/20/2014 | 127 | | State Court Writ Issued for Michel D'Angelo for 05/29/2014 in case as to MICHEL D'ANGELO (dfr) (Entered: 05/20/2014) |
| 05/22/2014 | 128 | | NOTICE OF RESCHEDULED HEARING (TIME ONLY) as to MICHEL D'ANGELO Presentence Conference reset for 6/9/2014 at 01:00 PM in Judge Torresen's Chambers before JUDGE NANCY TORRESEN. (dfr) (Entered: 05/22/2014) |
| 06/04/2014 | 129 | | SUPPLEMENTAL SENTENCING MEMORANDUM by MICHEL D'ANGELO (VAN DYKE, DAVID) (Entered: 06/04/2014) |
| 06/09/2014 | 131 | | Minute Entry for proceedings held before JUDGE NANCY TORRESEN:Presentence Conference held as to MICHEL D'ANGELO (Court Reporter: Lori Dunbar) (dfr) (Entered: 06/09/2014) |
| 06/09/2014 | 132 | | NOTICE OF RESCHEDULED HEARING as to MICHEL D'ANGELO Sentencing reset for 6/20/2014 at 09:00 AM in Portland Courtroom 2 before JUDGE NANCY TORRESEN. (dfr) (Entered: 06/09/2014) |
| 06/20/2014 | 133 | | Minute Entry for proceedings held before JUDGE NANCY TORRESEN:Sentencing held on 6/20/2014 as to MICHEL D'ANGELO. Defendant sentenced to 180 months imprisonment, three years supervised |

| | | | |
|---|---|---|---|
| | | | release, a $100.00 special assessment, and restitution in the amount of $1,298.00 on Count One JOINT AND SEVERAL with co–defendant Jennica Miller. Defendant remanded to the custody of the U.S. Marshals Service. (Court Reporter: Dennis Ford) (dfr) (Entered: 06/20/2014) |
| 06/20/2014 | 134 | | COURT EXHIBIT LIST from Sentencing held on 6/20/2014 as to defendant(s) MICHEL D'ANGELO (Exhibits listed on the Court Exhibit List are not remotely electronically available) (dfr) (Entered: 06/20/2014) |
| 06/20/2014 | 135 | | ORAL ORDER granting 125 Motion for Variant Sentence as to MICHEL D'ANGELO (1) By JUDGE NANCY TORRESEN. (dfr) (Entered: 06/20/2014) |
| 06/20/2014 | 136 | 14 | JUDGMENT as to MICHEL D'ANGELO (1), Count(s) 1, Defendant sentenced to 180 months imprisonment, three years supervised release, a $100.00 special assessment, and restitution in the amount of $1,298.00 on Count One JOINT AND SEVERAL with co–defendant Jennica Miller. By JUDGE NANCY TORRESEN. (dfr) (Entered: 06/20/2014) |
| 06/20/2014 | 137 | | Statement of Reasons as to MICHEL D'ANGELO.(Access to document is restricted to USA and applicable defendant only) (dfr) (Entered: 06/20/2014) |
| 06/24/2014 | 138 | 12 | NOTICE OF APPEAL by MICHEL D'ANGELO . **NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from our web site at http://www.med.uscourts.gov/operations/forms/transcript%20order.pdf MUST be completed and submitted to the Court of Appeals.**<br><br>NOTICE TO COUNSEL: Counsel should register for a First Circuit CMECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel should also review the First Circuit requirements for electronic filing by visiting the CMECF Information section at http://www.ca1.uscourts.gov/efiling.htm.<br><br>(VAN DYKE, DAVID) (Entered: 06/24/2014) |
| 06/25/2014 | | | COPIES of Notice of Appeal Sent to Counsel as to MICHEL D'ANGELO re 138 Notice of Appeal – Final Judgment (bfa) (Entered: 06/25/2014) |
| 06/25/2014 | 139 | 10 | APPEAL COVER SHEET as to MICHEL D'ANGELO re 138 Notice of Appeal – Final Judgment (bfa) (Entered: 06/25/2014) |
| 06/25/2014 | 140 | 11 | CLERK'S CERTIFICATE as to MICHEL D'ANGELO re 138 Notice of Appeal – Final Judgment. Documents Sent to U.S. Court of Appeals. (bfa) (Entered: 06/25/2014) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

## APPEAL COVER SHEET

| | |
|---|---|
| D.C. # 2:13-cr-00114-NT-1 | C.C.A. # |
| CASE TITLE: USA v. MICHEL D'ANGELO | |
| Name of Counsel for Appellant(s): | DAVID J. VAN DYKE |
| Name of Counsel for Appellee(s): | DARCIE N. MCELWEE |
| Name of Judge: | NANCY TORRESEN |
| Court Reporter(s) & Dates: | Dennis Ford - 4/11/13,6/20/14<br>Lori Dunbar - 7/1/13,1/15/14,2/13/14,6/9/14 |
| Transcript Ordered? | ☐ Yes  ☒ No |
| Court Appointed Counsel? | ☒ Yes  ☐ No |
| Fee Paid? | ☐ Yes  ☒ No |
| In Forma Pauperis? | ☒ Yes  ☐ No |
| Motions Pending? | ☐ Yes  ☒ No |
| Guidelines Case? | ☒ Yes  ☐ No |
| Related Case on Appeal? | ☐ Yes  ☒ No |
| C. C. A. # (if available) | |
| Date of Last Appeal | |
| Special Comments: | |

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

USA )
)
v. )     CRIMINAL NO. 2:13-cr-00114-NT-1
)
MICHEL D'ANGELO )

## CLERK'S CRIMINAL CERTIFICATE

I, Christa K. Berry, Clerk of the United States District Court for the District of Maine, hereby certify that the following are hereby electronically transmitted to the First Circuit Court of Appeals and constitute the Abbreviated record on appeal:

Documents Numbered:     139     Appeal Cover Sheet
                        140     Clerk's Certificate
                        138     Notice of Appeal
                        136     Judgment

I hereby certify that the record and docket sheet available through ECF to be the certified record and docket entries, and that all non-electronic and sealed documents of record have been forwarded this date with a copy of this Certificate.

Non-Electronic Documents:

Sealed Documents: 71,75,77

Ex Parte Document: 70

The **Presentence Investigation Report** has been mailed this date under seal.

Dated *June 25, 2014*.

CHRISTA K. BERRY, Clerk

By: _____/s/ Robert Allen_____
Case Manager

Receipt of the above is hereby acknowledged this _____day
of _____, 20_____.

USCA Docket No._____

By:_____
Case Manager

11

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     Criminal No. 13-CR-114 NT |
| | ) |
| MICHEL D'ANGELO | ) |

## DEFENDANT'S NOTICE OF APPEAL

Defendant Michel D'Angelo, by and through his undersigned counsel, David J. Van Dyke, Lewiston, Maine, hereby respectfully notices his appeal of his conviction, his sentence and all collateral and ancillary orders of the Court in this matter.

Dated at Lewiston, Maine this 24th day of June, 2014.

/s/David Van Dyke, Esq.
Hornblower Lynch Rabasco & Van Dyke
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@hlrvd.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

I hereby certify that on June 24, 2014, I electronically filed the DEFENDANT'S (MICHEL D'ANGELO) NOTICE OF APPEAL with the Clerk of Court using the DM/ECF system which will send notification of such filing to Assistant United States Attorney Darcie N. McElwee and to counsel for co-defendant and I hereby certify that same shall be timely mailed by United States Postal Service to Defendant Michel D'Angelo.

s/David Van Dyke, Esq.
Hornblower Lynch Rabasco & Van Dyke
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@hlrvd.com

# United States District Court
## District of Maine

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2014 JUN 20 A 11: 21

DEPUTY CLERK

UNITED STATES OF AMERICA

v.

MICHEL D'ANGELO

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:13-cr-114-001
USM Number: 07678-036

David J. Van Dyke, Esq.
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count <u>one of the Indictment</u>
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2113(a) and 18 U.S.C. § 2 | Bank Robbery and Aiding and Abetting | September 21, 2012 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

June 20, 2014
Date of Imposition of Judgment

*Nancy Torresen*
Signature of Judge

Nancy Torresen, U.S. District Judge
Name and Title of Judge

6/20/2014
Date Signed

14

AO 245B (Rev. 09-08) Judgment in a Criminal Case
  Sheet 2 - Imprisonment

| | |
|---|---|
| DEFENDANT: MICHEL D'ANGELO | Judgment—Page 2 of 6 |
| CASE NUMBER: 2:13-cr-114-001 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>180 months.</u>

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant is recommended for enrollment in the 500 Hour Comprehensive Drug Treatment Program.

The defendant be place in a facility that can address his mental and physical health needs.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____ . with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By _____
DEPUTY UNITED STATES MARSHAL

15

Case: 14-1688 2:13-cr-00114-DMG Document Page: Filed 06/20/14 Page 25 of 64 Page ID #: 262: 5833775
AO 245B (Rev. 09-08) Judgment in a Criminal Case
Sheet 3 – Supervised Release

| DEFENDANT: | MICHEL D'ANGELO | Judgment—Page 3 of 6 |
|---|---|---|
| CASE NUMBER: | 2:13-cr-114-001 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>3 years.</u>

The Defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two additional drug tests during the term of supervision, but not more than 120 drug tests per year thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. This provision does not permit the use of marijuana even with a prescription, without further permission of the Court or probation officer.

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 09-08) Judgment in a Criminal Case
Sheet 3C – Supervised Release

DEFENDANT:    MICHEL D'ANGELO
CASE NUMBER:   2:13-cr-114-001

Judgment—Page  4  of  6

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall provide the supervising officer any requested financial information;

2. Defendant shall not incur new credit charges or open additional lines of credit without the supervising officer's advance approval;

3. Defendant shall participate in workforce development programs and services as directed by the supervising officer, and, if not employed, shall perform up to 20 hours of community service per week. Workforce development programming may include assessment and testing; educational instructions; training classes; career guidance; and job search and retention services;

4. Defendant shall participate in mental health treatment, as directed by the supervising officer, until released from the program by the supervising officer. Defendant shall pay/co-pay for services during such treatment, to the supervising officer's satisfaction;

5. Defendant shall comply with the medication program prescribed by a licensed medical practitioner;

6. Defendant shall inform any prescribing medical practitioner that he has been convicted of a criminal offense involving the illegal diversion of narcotic medication and shall provide the supervising officer with written proof of such notice;

7. Defendant shall not use or possess any controlled substance, alcohol or other intoxicant; and shall participate in a program of drug and alcohol abuse therapy to the supervising officer's satisfaction. This shall include testing to determine if Defendant has used drugs or intoxicants. Defendant shall submit to one test within 15 days of release from prison and at least two, but not more than 120, tests per calendar year thereafter, as directed by the supervising officer. Defendant shall pay/co-pay for services during such treatment to the supervising officer's satisfaction. Defendant shall not obstruct or tamper, or try to obstruct or tamper, in any way, with any tests; and

8. Defendant shall at all times readily submit to a search of his residence, and of any other premises under his dominion and control, by his supervising officer, upon the officer's request when the officer has reasonable basis to believe that such a search will lead to the discovery of evidence of violation of the terms of supervised release. Failure to submit to such a search may be grounds for revocation.

17

AO 245B (Rev. 09-08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: MICHEL D'ANGELO
CASE NUMBER: 2:13-cr-114-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | One | $ 100.00 | $ 0 | $ 1,298.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Kennebunk Savings Bank<br>Restitution ID #80-9-2012<br>PO Box 28<br>Kennebunk, ME 04043 | | $ 1,298 | 1 |
| **TOTALS** | $ _____ | $ _____ 1,298 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒ the interest requirement is waived for the ☐ fine ☒ restitution.

   ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 United State Code, for offenses committed on or after September 13, 1994, but before April 23, 1996

18

DEFENDANT:    MICHEL D'ANGELO
CASE NUMBER:    2:13-cr-114-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒  Lump sum payment of $1,398 due immediately, balance due
    ☒  Any amount that the defendant is unable to pay now is due and payable during the term of incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments, to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release, subject always to review by the sentencing judge on request, by either the defendant or the government.
    ☐  not later than                                          , or
    ☐  in accordance with    ☐ C,    ☐ D, or    ☐    E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C  ☐  Payment in equal               *(e.g., weekly, monthly, quarterly)* installments of $          over a period of
    *(e.g., months or years)*, to commence          *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal               *(e.g., weekly, monthly, quarterly)* installments of $          over a period of
    *(e.g., months or years)*, to commence          *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within          *(e.g., 30 or 60 days)* after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:
    Jennica Miller, 2:13-cr-114-002. $1,298.00.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 09-08) Judgment in a Criminal Case